UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**YOLANDA BOLDEN**          **CIVIL ACTION NO.**

**VERSUS**                  **JUDGE**

**CADDO PARISH COMMISSION** **MAGISTRATE JUDGE**

                            **JURY TRIAL DEMANDED**

## COMPLAINT

This is a civil action for damages arising from gender-based discrimination.

### I.   PARTIES

1.   The Plaintiff, Yolanda Bolden ("Plaintiff"), is employed as a Senior Environmental Services Technician at the Caddo Correctional Center.

2.   The Defendant, Caddo Parish Commission, is the government body that operates the Caddo Correctional Center.

### II.   JURISDICTION AND VENUE

3.   This court has subject matter jurisdiction under 28 U.S.C. §1331 as one or more of the claims asserted herein arise under the United States Constitution and federal law. This court has supplemental jurisdiction under 28 U.S.C. §1367 to hear and decide claims arising under state law.

4.   Venue is proper in this Court because the Defendant, the Caddo Parish Commission, is domiciled in Caddo Parish, Louisiana, within the territory served by the Western District of Louisiana.

### III. FACTUAL ALLEGATIONS

5. Plaintiff was hired by the Caddo Parish Commission on September 23, 1992 to work as a custodian at the Caddo Parish Courthouse.

6. She was transferred to the Caddo Correctional Center ("CCC") to work as a custodian in 1998.

7. Over the course of several years Plaintiff's job title changed to Custodian II, then Senior Environmental Services Technician.

8. During the course of her employment at CCC, Plaintiff received training and certification in various aspects of environmental services operations and supervisory responsibilities.

9. As a Custodian II, and later as a Senior Environmental Services Technician, Plaintiff was charged with the responsibility of interviewing, hiring and training new employees, evaluating employees, and performing other supervisory duties within the department.

10. On May 4, 2014, Plaintiff hired Maurice Yarbrough, male, to work as an Environmental Services Technician.

11. In 2015, the position of Assistant Supervisor of Environmental Technicians was created and posted internally for employees currently employed in the department.

12. The position of Assistant Supervisor of Environmental Technicians encompassed all of the duties Plaintiff had been performing under the job title Senior Environmental Technician.

13. Mr. Yarbrough, who had no supervisory experience and no experience working with inmates in a correctional facility when he was hired to work as an Environmental Services Technician, applied for the position of Assistant Supervisor of Environmental Technicians.

14. Plaintiff applied for the position. She had 16 years supervisory experience while Mr. Yarbrough had fewer than 10 months experience.

15. The Supervisor of Environmental Technicians notified Mr. Yarbrough of the date and time of his interview well in advance of the interview, but failed to notify Plaintiff of the date and time of her interview.

16. Plaintiff was not notified of her interview date and time until shortly before the interview was to be conducted.

17. Mr. Yarbrough was promoted into the newly created position.

18. Mr. Yarbrough was promoted into a supervisory position for which he had no previous experience while he was still a probationary employee in training for the non-supervisory position for which he was initially hired.

19. When Plaintiff inquired why she did not receive the promotion, she was penalized by being sent home for the day with no credible explanation.

20. Plaintiff was then effectively demoted in title and duties and assigned to work under the direction of Mr. Yarbrough.

21. Mr. Yarbrough received a substantial increase in pay. Had Plaintiff been promoted, she would have received a similar pay raise.

22. Plaintiff was discriminated against on the basis of her sex, female, when she was denied promotion and effectively demoted in duties.

23. Plaintiff filed at complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has terminated its investigation and has issued to Plaintiff a Notice of the Right to Sue.

## IV. CAUSES OF ACTION

24. Sex Discrimination in violation of Title VII, 42 U.S.C. §2000e, et seq

25. Plaintiff incorporates herein as if set out in full the allegations of Paragraphs 1 - 22 above.

26. Defendant Caddo Parish Commission is an "employer" as that term is defined by Title VII.

27. Defendant Caddo Parish Commission discriminated against Plaintiff in the terms and conditions of employment and denied her promotion all on the basis of her sex.

28. Defendant has demonstrated a male preference for promotion.

29. Defendant's acts of sex discrimination resulted in economic injury for Plaintiff due to lost wage increases that would have accompanied promotion and the effective pay reduction that followed her reduction in title, duties and career path.

30. Defendant's acts of sex discrimination and resulting economic injury adversely affected Plaintiff's retirement benefits, as retirement contributions of the employer and retirement benefits are calculated in accordance with the employee's pay rate.

31. In addition to wage loss, for which Defendant is liable, Plaintiff is entitled to compensatory damages for the humiliation of demotion in title and duties that followed the promotion denial and the extreme embarrassment and emotional distress she experienced having to work under the supervision of the lesser-qualified male applicant who was promoted over her. Plaintiff has incurred attorneys' fees and costs for which she is entitled to reimbursement.

32. Plaintiff also seeks and is entitled to recover expert witness fees.

## V.     DEMAND FOR JURY

33.     Plaintiff requests a jury trial.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that her petition be deemed good and sufficient and that upon the conclusion of all due proceedings that a judgment be entered against Defendant, Caddo Parish Commission, awarding Plaintiff the full statutory penalty and other damages as described herein and all other legal and equitable relief to which Plaintiff may be entitled, including the costs of proceedings, attorneys' fees, expert witness fees and costs, and interest from the date of judicial demand.  Plaintiff also requests all other legal and equitable relief to which she may be entitled.

Respectfully submitted this  16th  day of May, 2018

**DOWNER, JONES, MARINO & WILHITE, L.L.C.**

By:     */s/ Pamela R. Jones*
    **Pamela R. Jones, Bar Roll No. 19640**

American Tower
401 Market Street, Suite 1250
Shreveport, Louisiana 71101
318-213-4444 Telephone
318-213-4445 Facsimile
pjones@dhw-law.com Email

**ATTORNEYS FOR PLAINTIFF**